UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL B.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | Case No. CV 18-6139-SP<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **<u>INTRODUCTION</u>**

On July 16, 2018, plaintiff Jill B. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matters in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision: whether the Administrative Law Judge ("ALJ") properly considered the opinion of the

examining physician. Plaintiff's Memorandum in Support of Complaint ("P. Mem.") at 4-10; *see* Defendant's Motion for Summary Judgment ("D. Mem.") at 1-4.

Having carefully studied the parties' memoranda on the issue in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ failed to properly consider the opinion of the examining physician. The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was 63 years old on her alleged disability onset date and attended two years of college. AR at 67, 208. Plaintiff has past relevant work as a clerk typist, assistant retail manager, weight reduction specialist, and group program aide. *Id*. at 58-59.

On April 12, 2016, plaintiff filed an application for a period of disability and DIB due to lower back pain, bulging discs, spinal stenosis, hypothyroid, hormone imbalance, depression, anxiety, arthritis, neck pain, and Bell's palsy. *Id*. at 67-68. The application was denied initially and upon reconsideration, after which plaintiff filed a request for a hearing. *Id*. at 91-105.

On February 8, 2018, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 32-65. The ALJ also heard testimony from Kelly Bartlett, a vocational expert. *Id*. at 57-64. On March 2, 2018, the ALJ denied plaintiff's claim for benefits. *Id*. at 15-26.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff did not engage in substantial gainful activity between March 19, 2015, the alleged onset date, and September 30, 2017, the date

last insured. *Id.* at 17.

At step two, the ALJ found plaintiff suffered from the severe impairment of lumbar and cervical degenerative disc disease. *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.* at 19.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[2] with the limitations that plaintiff could occasionally: climb ramps, stairs, ropes, and scaffolds; balance; stoop; kneel; crouch; and crawl. *Id.* at 19.

The ALJ found, at step four, that plaintiff was capable of performing her past relevant work as a clerk typist and group program aide as actually and generally performed, as well as her past work as an assistant retail manager and weight reduction specialist as generally performed. *Id.* at 25-26. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* at 26.

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 1-3. The ALJ's decision stands as the final

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling ("SSR") 83-10.

decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

# IV.
# DISCUSSION

Plaintiff argues the ALJ failed to properly consider the opinion of the consultative examiner, Dr. Michael J. Singleton. P. Mem. at 4-10. Specifically, plaintiff contends the ALJ's reasons for rejecting Dr. Singleton's reaching and handling limitations were not specific and legitimate and supported by substantial evidence.[3] *Id*. at 7.

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence. 20 C.F.R. § 404.1527(b).[4] In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. § 404.1527(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'"

---

[3] Plaintiff later asserts the ALJ also impermissibly rejected Dr. Singleton's working at heights limitation. *See* P. Mem. at 10 n.2. Because plaintiff presents this conclusory argument as an afterthought and without evidentiary support, this court will not address it.

[4] All citations to the Code of Federal Regulations refer to regulations applicable to claims filed before March 27, 2017.

5

*Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (*citing Lester*, 81 F.3d at 830-31). "Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Id.* (quoting *Lester*, 81 F.3d at 830-31). The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *Lester*, 81 F.3d at 831.

**Medical Opinions**

Four physicians offered opinions concerning plaintiff's physical functional limitations: treating physician Dr. Jody Balloch, examining physician Dr. Singleton, and state agency physicians Dr. James Wright and Dr. E. Wong. *See* AR at 74-75, 87-88, 529-33, 782-86.

Dr. Jody Balloch, an internist, treated plaintiff for twenty years. *Id*. at 782. Dr. Balloch diagnosed plaintiff with cervical disc disease, lumbar disc disease, and anxiety. *See id*. Dr. Balloch opined plaintiff, among other things: could stand and walk less than two hours in an eight-hour day; could sit less than two hours in an eight-hour workday; could rarely lift less than ten pounds; needed the ability to shift from standing to sitting at will; and could never climb ladders and stairs, crouch, or walk on uneven surfaces. *See id*. at 784-85

Dr. Singleton, an internist, reviewed some of plaintiff's medical records and examined plaintiff on August 27, 2016. *Id.* at 529-33. Dr. Singleton observed plaintiff had, among other things: discomfort bilaterally in her cervical and lumbar spine when demonstrating range of motion; a positive seated straight leg raise; slightly decreased range of motion in her finger and thumb joints; normal motor strength in the extremities; and normal grip strength. *Id*. at 531-32. Based on his observations and review of the medical record, Dr. Singleton opined plaintiff had the residual functional capacity to: stand and walk up to six hours in an eight-hour workday; sit six hours in an eight-hour workday; lift, carry, push, and pull twenty

pounds occasionally and ten pounds frequently; occasionally climb steps and stairs, stoop, crouch, kneel, crawl, and reach overhead and forward; and frequently handle, finger, and feel. *Id*. at 532-33. Dr. Singleton precluded plaintiff from working at heights and climbing ladders, scaffolds, and ropes. *Id*. at 533.

The state agency physicians reviewed plaintiff's medical records and opined plaintiff had the capacity to: stand and walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; lift and carry twenty pounds occasionally and ten pounds frequently; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. *See id*. at 74-75, 87-88.

**<u>The ALJ's Findings</u>**

In reaching his physical RFC determination, the ALJ did not expressly state which opinions he gave the most weight, but it was clear from his discussion that he gave the greatest weight to the opinions of the state agency physicians since he adopted their opinions in their entirety. *See id*. at 19, 24-25. The ALJ gave some weight to Dr. Singleton's opinion, finding that plaintiff could perform a range or light work, and stating he found Dr. Singleton's evaluation to be "generally persuasive." *Id.* at 24. But the ALJ expressly rejected Dr. Singleton's reaching and handling and working at heights limitations because they were unsupported by the objective medical evidence and plaintiff did not allege significant limitations in her arms or hands in the record or at the hearing. *Id*. The ALJ also implicitly rejected Dr. Singleton's preclusion on climbing ladders, scaffolds, and ropes, as well as his fingering and feeling limitations. Finally, the ALJ gave no weight to Dr. Balloch's opinion. *Id* at 23.

The basis for Dr. Singleton's reaching and handling limitations was plaintiff's degenerative disc disease. *See id*. at 533. Plaintiff argues the ALJ erred in rejecting Dr. Singleton's limitation of plaintiff to occasional reaching overhead

7

and forward, and to frequent handling. *See* P. Mem. at 7. The court agrees the two reasons for rejecting Dr. Singleton's reaching limitation were not supported by substantial evidence.

With regard to Dr. Singleton's reaching limitation, the first reason the ALJ gave for rejecting it was because it was not supported by the objective medical evidence, specifically citing the fact plaintiff had good range of motion and muscle strength in the upper extremities. AR at 24; *see Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may discredit physicians' opinions that are "unsupported by the record as a whole . . . or by objective medical findings"). Contrary to the ALJ's finding, there was objective evidence to support Dr. Singleton's opinion. Imaging showed plaintiff had mild to moderate disc herniations in the cervical spine. AR at 314-15, 412. And plaintiff's treatment notes were replete with findings of tenderness of the cervical and upper thoracic spine and decreased range of motion due to pain. *See, e.g., id.* at 314, 363, 702, 714, 773, 866. Although the ALJ correctly noted plaintiff consistently had full motor strength in her upper extremities, reaching is a manipulative function and does not depend on strength. *See, e.g., id.* at 311, 363, 714; *see also* 20 C.F.R. § 404.1569a(c). As such, the ALJ's first basis for rejecting Dr. Singleton's reaching limitation was not supported by substantial evidence.

The second reason cited by the ALJ – plaintiff did not allege significant limitations in the record or at the hearing – was similarly not supported by substantial evidence. *See id.* at 24. During the hearing, plaintiff testified she had constant neck and shoulder pain, sitting too long caused pain in her neck and shoulders, the weight of lifting her arms put too much stress on her neck and shoulders, she could reach forward but not "up or way below" because reaching out affected her neck and shoulders, and she had trouble holding up a book. *See id.* at 37, 41-42, 44-45, 51. And in the Function Report submitted with her

8

application, plaintiff stated she reached only as needed and only for a few minutes. *Id*. at 224. Moreover, this second reason was inconsistent with the ALJ's own findings, as he acknowledged plaintiff's hearing testimony about her difficultly reaching earlier in the decision. *See id*. at 20.

As for plaintiff's handling limitation, the ALJ's reasons are specific and legitimate and supported by substantial evidence. Other than Dr. Singleton's examination, no physicians reported any findings regarding plaintiff's hands. *See id.* at 532. Throughout 2015, plaintiff complained of neck pain resulting in numbness, pain, and tingling in her arms, as well as dropping things with her hands. *See, e.g.*, *id*. at 304, 314, 347-48, 351-52. The ALJ correctly noted that it appeared these symptoms greatly improved with chiropractic treatment since subsequent to the last treatment on December 8, 2015, except for one complaint, plaintiff no longer complained of numbness, pain, and tingling in her arms and problems dropping things with her hands. *See id*. at 347-48, 787-823; *see also Crosby v. Comm'r*, 489 Fed. Appx. 166, 168-69 (9th Cir. 2012) (finding that a physician's opinion that was inconsistent with his treatment notes, which indicated claimant improved with treatment, was a specific and legitimate basis to discount physician's opinion). Plaintiff also did not testify to or report any problems using her hands.

Accordingly, the ALJ's reasons for rejecting Dr. Singleton's reaching limitation were not specific and legitimate and supported by substantial evidence, but the ALJ properly discounted Dr. Singleton's handling limitation.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). It is appropriate for the court to exercise this

discretion to direct an immediate award of benefits where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with instructions to calculate and award benefits). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). In addition, the court must "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, there are outstanding issues to be resolved and remand is required. On remand, the ALJ shall reconsider Dr. Singleton's reaching limitation and either credit his opinion or provide specific and legitimate reasons supported by substantial evidence for rejecting it. The ALJ shall then reassess plaintiff's RFC, and proceed through steps four and five to determine what work, if any, plaintiff was capable of performing.

//
//
//

# VI.
# CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: March 9, 2020

SHERI PYM
United States Magistrate Judge